UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO.  5:17-CR-58-GFVT

UNITED STATES OF AMERICA,                                                                         PLAINTIFF,

V.                                          **RECOMMENDED DISPOSITION**

RAHEEM SULAIMAN ABDUL-QAWI,                                                        DEFENDANT.

On January 8, 2018, Raheem Sulaiman Abdul-Qawi (Abdul-Qawi) was sentenced to 57 months of imprisonment after pleading guilty to a violation of 21 U.S.C. § 841(a)(1): Distribution of Carfentanil and 18 U.S.C. §922(g)(1): Felon in Possession of a Firearm.  On August 27, 2021, he was released from the Bureau of Prisons to begin service of his six-year term of supervised release, which is scheduled to expire on August 26, 2027. Then, on October 1, 2022, Abdul-Qawi was referred to Windows of Discovery for outpatient substance abuse counseling, and voluntarily participated in weekly sessions.

The defendant appeared before the undersigned on December 13, 2023, for a final revocation hearing on charges of violating supervised release.  At the final hearing, the defendant was present and represented by counsel.  Officer Kristen B. O'Brien was present.  The Defendant expressed his desire to admit to violations 2, 3, 4, 5 and 6, and the Untied States moved to dismiss violation number 1.   After being placed under oath, the Defendant was advised of all rights, including the right to remain silent and his right proceed on a claim of innocence to a full hearing. Upon consultation with counsel, the Defendant waived these rights, and stated to the Court that on August 11, 2023, he traveled to the Southern District of Ohio in the company of Amanda Mulligan, a person previously convicted of a felony offense, without the permission of his supervising

officer. Following his arraignment in Ohio on charges relating to theft, he tested positive for fentanyl. Then, upon being questioned by his supervising officer about being in Ohio in violation of his conditions of supervision, he was untruthful. As a result, he has violated the following conditions of supervision:

Violations 2:

> **Mandatory Condition #3:** **You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.**

As reported in the Violation Conduct, Abdul-Qawi tested positively for fentanyl on an instant test cup administered by Warren County pretrial services following his arraignment in case 23-CR-41075. Abdul- Qawi denied the use of fentanyl. **This is a Grade C Violation**.

Violation #3:

> **Standard Condition #3:** **You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.**

He initially denied that he was in Ohio at all, but later called his supervising officer and apologized for being dishonest and admitted that he was, in fact, in Ohio on August 11, 2023 with Amanda Mulligan. **This is a Grade C Violation.**

Violation #4:

> **Standard Condition #4**: **You must answer truthfully the questions asked by your probation officer.**

As referenced in Violation Number Three of this report, Abdul-Qawi was not truthful regarding his whereabouts on August 11, 2023. **This is a Grade C Violation.**

Violation #5:

> **Standard Condition #8:** You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

Ms. Mulligan, is a convicted felon (Possession of Controlled Substance, 1st Offense (Methamphetamine), Possession of Controlled Substance, 1st Offense (Opiates), Possession of Controlled Substance, 2nd Degree, Drug Unspecified, **This is a Grade C Violation**.

**Violation #6:**

**Mandatory Condition #1:** You must not commit another federal, state or local crime.

> Norfentanyl is a Controlled Substance pursuant to the Controlled Substances Act. Due to the Sixth Circuit Court of Appeals' finding that use is the equivalent of possession and with the defendant's prior drug conviction, simple possession of Norfentanyl results in a violation of 21 U.S.C. Section 844(a), a class E Felony, punishable by a term of imprisonment not to exceed two years.
> **This is a Grade B violation.**

## RECOMMENDED SENTENCE

The United States requested a term of imprisonment, stating that although the Defendant has done well on supervision, there should be some consequence for violation conduct. Consequently, the United States asks that his supervision be revoked and that he be incarcerated for a period of time, with further supervision to follow.

The Defendant requests that he be sentenced at or below the low end of the guidelines.

3

**I.**

In determining the appropriate sentence in this case, the Court looks to the provisions of 18 U.S.C. § 3553(a), for guidance in recommending a sentence, properly calculated and imposed. The statute provides:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The Court, in determining the sentence to be imposed, shall consider –
>
> > (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> > (2) the need for the sentence imposed –
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> > (3) the kinds of sentences available;
> > (4) the kinds of sentences and the sentencing ranges established...
> > (5) any pertinent policy statement...
> > (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> > (7) the need to provide restitution to any victims of the offense.

18 U.S.C. 3553(a).

**II.**

In considering the nature and circumstances of the instant offenses and the Defendant's history and characteristics, the court finds the following particularly relevant. Abdul-Qawi is 45 years of age. During the presentence interview, he reported growing up without a stable male role model. Although never married, he is the father of one son. During allocution, he mournfully described his lack of significant relationship with his son. He has past work as an auto mechanic,

working as a mason and as a house painter. He denied suffering from any mental or emotional health issues. He presents with a history of substance abuse beginning at the age of 16, first abusing alcohol, then cocaine. He has an extensive and lengthy criminal history resulting in a criminal history category of V.

### III.

The Court now turns to consideration of the next factors: the need for the sentence imposed under 18 U.S.C. 3553(a):

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

The defendant's criminal history begins at the age of 14 and continues through the age of the underlying conviction. He has a criminal history category of V. In this case, he was released to supervision on August 27, 2021, more than two years before the conduct which now brings him before the Court.

In fashioning a recommendation in the case, the Court considers the information above. To satisfy the considerations of the controlling statute, the undersigned believes that revocation of supervision with a period of imprisonment with supervision to follow should be imposed. Therefore, the undersigned recommends a period of incarceration at the low end of the guidelines, 18 months of incarceration, with directions that he continue with his unexpired period of supervision, upon his release. This recommendation recognizes the seriousness of the violation conduct in light of his criminal history and lack of violations following release from incarceration,

and is designed to act as a deterrent to future criminal conduct, and protecting the public from further crimes that he might be inclined to commit.

## **CONCLUSION**

As previously stated, that facts upon which the Court recommends finding that the Defendant committed the charged violations has been established by his own admission, and therefore has been proven by a preponderance of the evidence. Therefore,

IT IS RECOMMENDED:

(1) That the Defendant be found guilty of Violations 2, 3, 4, 5, and 6; and that the United States' motion to dismiss Violation 1 be GRANTED.

(2) That his supervision be REVOKED.

(3) That the Defendant be sentenced to a term of 18 months of incarceration, with directions that he resume his unexpired period of supervision upon release from incarceration.

(4) That upon a waiver filed into the record **WITHIN FOURTEEN DAYS** evidencing his knowing, intelligent and voluntary relinquishment of her right of allocution in this action, his supervision should be revoked, and he be sentenced; and

(5) If the Defendant desires to exercise his right of allocution, the matter should be scheduled for a final hearing before the presiding district Judge for purposes of allocution and sentencing.

Specific objections to this Report and Recommendation must be filed within FOURTEEN (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation

are insufficient to preserve the right to appeal. <u>Cowherd v. Million</u>, 380 F.3d 909, 912 (6th Cir. 2004); <u>Miller v. Currie</u>, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed December 21, 2023.



Signed By:
<u>Edward B. Atkins</u>
United States Magistrate Judge