UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Case No. 5:17-cr-00058-GFVT-EBA |
| v. | ) ) | **ORDER** |
| RAHEEM SULAIMAN ABDUL-QAWI, | ) ) ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Edward B. Atkins. [R. 41.] In 2018, Raheem Sulaiman Abdul-Qawi was sentenced to 57 months of imprisonment followed by six years of supervised release after he pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and distributing carfentanil in violation of 21 U.S.C. § 841(a)(1). *Id.* at 1. The Judgment included, among others, a standard condition restricting Mr. Abdul-Qawi's right to leave the district where he resides without the permission of the Court or his probation officer. *Id.* Mr. Abdul-Qawi was also required to tell the truth to his probation officer and to abstain from using unlawful controlled substances. *Id.* at 2. Lastly, Mr. Abdul-Qawi was prohibited from communicating with individuals engaged in criminal activity without getting prior permission of his probation officer. *Id.* The United States Probation Office charges Mr. Abdul-Qawi with violating these standard conditions of his supervised release. *Id.* According to U.S. Probation, Mr. Abdul-Qawi had apparently, without permission, traveled to the Southern District of Ohio with Amanda Mulligan, a person previously convicted of a felony offense, without the permission of his

supervising officer. *Id*. at 1.  Following Mr. Abdul-Qawi's arraignment in Ohio on charges relating to theft, he test positive for fentanyl. *Id.* at 2.  Upon being questioned by his probation officer about being in Ohio, Mr. Abdul-Qawi was untruthful, in violation of his supervised release conditions. *Id.* at 2.

Mr. Abdul-Qawi appeared before Judge Atkins for an initial appearance pursuant to Federal Rule of Criminal Procedure 32.1.  [R. 38.]  On December 13, 2023, Mr. Abdul-Qawi appeared before Judge Atkins for his final hearing.  [R. 40.]  At this hearing, Mr. Abdul-Qawi "stipulated [to] the violations set forth in the Supervised Release Violation Report."  [R. 40 at 1.]

Judge Atkins then issued a Report and Recommendation in which he evaluated the entire record and considered all Section 3553(a) factors imported into the Section 3583(e) analysis, as well as the Guidelines Range.  *Id*.  Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service.  *Id.* at 6; *see* 28 U.S.C. § 636(b)(1).

More than fourteen days have passed and no one has objected to the Report and Recommendation.  Moreover, Mr. O'Brien waived his right to allocution.  [R. 42.]  Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made.  28 U.S.C. § 636(b)(1)(c).  But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985).  Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947, 949–50 (6th Cir. 1981).  Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation **[R. 41]** is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Abdul-Qawi is found **GUILTY** of Violations 2, 3, 4, 5, and 6;

3. The United States' Motion to dismiss Violation 1 is **GRANTED**;

4. Mr. Abdul-Qawi's supervised release is **REVOKED**; and

5. Mr. Abdul-Qawi **SENTENCED** to a term of 18 months of incarceration, with directions that he resume his unexpired period of supervision upon release from incarceration.

This the 9th day of January 2024.

Gregory F. Van Tatenhove
United States District Judge